# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JUAN IBARRA, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:05-0971 |
| ) | Judge Trauger |
| KENNETH BARRETT, ) | |
| ) | |
|     Defendant. ) | |

## MEMORANDUM AND ORDER

With respect to the defendant's qualified immunity defense, the court finds that he is not entitled to qualified immunity. To establish that a defendant is not entitled to a qualified immunity defense, a plaintiff must establish that the defendant's conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), *cited in Humphrey v. Mabry*, No. 05-4462, 2007 WL 957354, at *6 (6th Cir. Apr. 2, 2007) (slip op.).

First, it is evident that the right under the Fourth Amendment not be subject to an unreasonable seizure of one's property is clearly established. *Buckner v. Kilgore*, 36 F.3d 536, 539 (6th Cir. 1994); *see also United States v. Place*, 462 U.S. 696, 700-01 (1989) (recognizing that police officers generally cannot seize property without probable cause); *Pahls v. Kesselring*, No. 99-3647, 2000 WL 1290364, at *2 (6th Cir. Sept. 7, 2000) (noting that individuals whose property was seized "possessed a clearly established right not to have property in which they enjoyed a lawful possessory interest seized by state action in violation of the Constitution").

1

Second, the plaintiff must also demonstrate that a reasonable officer would have understood that his seizure of the plaintiff's property would violate the Fourth Amendment under the circumstances of the case. *See Humes v. Gilless*, 108 Fed. Appx. 266, 269 (6th Cir. 2004). Here, a jury has found unanimously that the defendant lacked probable cause to seize the plaintiff's property. Moreover, that jury provided answers to a special verdict form addressing the key disputed issues in the case and resolved nearly every disputed factual and credibility issue in favor of the plaintiff. For example, the jury found that the plaintiff did not appear overly nervous at any time during the traffic stop and that Officer Young never signaled to the defendant that the drug dog had alerted to the plaintiff's car or any of its contents. The jury also found that the plaintiff did not tell the defendant "numerous lies" during the traffic stop, as the defendant asserted, although the jury did find that the plaintiff told the defendant some lies during the stop.

In addition, numerous undisputed issues further suggest that the defendant's actions in this case were not objectively reasonable. For example, the defendant had been informed by a dispatcher that the plaintiff's name was associated with two FBI numbers—which would generally indicate the existence of two separate individuals—and that one of those numbers was associated with a non-drug-related offense in Georgia to which the plaintiff had admitted, while another was associated with a drug conviction in California of which the plaintiff denied any knowledge. Indeed, the dispatcher informed the defendant that he was unsure whether the California case had any connection to the plaintiff. However, the defendant, instead of waiting to learn whether the California case was related, rushed to judgment and seized the plaintiff's property without any such confirmation.

Additionally, given common practices in the construction industry, and in light of the language barrier and possible cultural differences between the parties, the plaintiff's account of why he had a large amount of currency in his possession and what he intended to do with that currency was an entirely plausible explanation that had nothing to do with the drug trade. The defendant, however, entirely discredited that possibility for no apparent reason.

Finally, the main reason that the defendant seized the plaintiff's property, based on the defendant's and Officer Haynes's statements in the video of the traffic stop, was the plaintiff's admission that he owed money to the Internal Revenue Service and that he had not put the money in the bank for that reason. However, as both officers rightly admitted during their trial testimony, they had no authority to seize money on behalf of the Internal Revenue Service.

These undisputed facts and the jury's findings, which are consistent with the court's view of the facts of this case, lead the court to conclude as a matter of law that the defendant's actions were not objectively reasonable. Where a jury made up of eight lay people has found unanimously that a seizure was unsupported by probable cause, to find that a defendant's actions were nevertheless objectively reasonable would strain credulity. The defendant's actions were not objectively reasonable, and he is not entitled to a qualified immunity defense.

It is so Ordered.

Entered this 18th day of October 2007.

ALETA A. TRAUGER
United States District Judge

3